UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD LEGG,<br>REG. NO.015630-179,<br>TDCJ-CID NO.01523914,<br>    Petitioner,<br>v.<br><br>BUREAU OF PRISONS, *et al.*,<br>    Respondents. | CIVIL ACTION NO. H-08-1341 |

OPINION ON DISMISSAL

While a federal inmate incarcerated in the Harris County Jail, petitioner Ronald Legg filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his sentence and a disciplinary conviction that he received at the Leidel Comprehensive Sanction Center in Houston, Texas. (Docket Entry No.1). Respondents contend that petitioner has now completed his federal sentence; therefore, this Court cannot award petitioner any relief with respect to his claims regarding the execution of such sentence. (Docket Entry No.12). Public records show that petitioner has been released from federal custody. *See* Federal Bureau of Prisons website.[1]

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, the petitioner's release, generally, moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 632 (1982). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Id.*; *Carafas v. Lavalle*, 391 U.S. 234 (1968). Consequently, when a petitioner challenges the validity of his underlying conviction, he can often satisfy the case-or-controversy requirement of Article III of

---

[1] http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch

the Constitution by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office. *Carafas*, 391 U.S. at 237. The same cannot be said for other situations where a conviction is not being attacked. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Lane*, 455 U.S. at 624 (holding that where prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply). For this reason, the courts take a cautious approach to the presumption of collateral consequences, requiring the petitioner to affirmatively allege and demonstrate such consequences. *Spencer*, 523 U.S. at 12-14.

In this case, petitioner does not challenge the validity of his underlying conviction or sentence, only the execution of his federal sentence. (Docket Entry No.1). Specifically, petitioner challenges prison officials' disciplinary action and other sanctions. (*Id.*). Thus, petitioner must show that the disciplinary action itself will cause (or is still causing) him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm.

By letter filed September 3, 2008, petitioner indicates that he faces state criminal charges as a result of an assault by several inmates and a correctional officer in the Harris County Jail. (Docket Entry No.13). Petitioner contends that had he been placed in a federal facility and not the County Jail, he would not have suffered such assault and would not now face criminal charges. (*Id.*). Public records show that petitioner was convicted of attempted assault on a public servant on September 11, 2008, and sentenced to 270 days in a state jail facility. *See* Texas Department of Criminal Justice website.[2]

To the extent that petitioner contends that his present criminal conviction and his incarceration in a state facility are collateral consequences of his federal disciplinary conviction, he fails to show that he suffers the civil disabilities contemplated by *Carafas. See Lane*, 455

---

[2] http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=06388551.

U.S. at 632-33. Petitioner's present conviction and incarceration are not governed by the presence or absence of a disciplinary conviction or the execution of his federal sentence. Petitioner's present conviction and incarceration flow from the underlying conduct that formed the basis of the state criminal charge brought against him. With respect to the execution of his federal sentence and the sanctions imposed as a result of disciplinary action taken while he was serving such sentence, petitioner has already obtained the relief he seeks, *i.e.*, release from federal custody, and there is no additional relief for the federal courts to provide. Further, the principles enunciated in *Spencer* militate against a presumption of collateral consequences, and there is no affirmative evidence of collateral consequences associated with petitioner's now-expired federal sentence. The petition has been rendered moot by petitioner's release from federal custody and dismissal is therefore appropriate.

Accordingly, petitioner's habeas action is DISMISSED WITH PREJUDICE, as moot. All pending motions, if any, are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 14th day of October, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE